IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PATRICIA TANNER, an individual; and TJINTA ESTATES, LLC, a Utah limited liability company, | |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE |
| vs. | |
| HEATH JOHNSTON, an individual; CRAIG LEWIS, an individual; TIMOTHY ROSS, and individual; H & S INVESTMENTS, LLC, a Utah limited liability company d/b/a SUMMIT DEVELOPMENT & MANAGEMENT; JUSTIN JOHNSON, an individual; and AMERICAN COMMERCIAL REAL ESTATE SPECIALISTS GROUP, LLC, a Utah limited liability company d/b/a/ NAI UTAH COMMERCIAL REAL ESTATE; UTAH COUNTY COMMERCIAL REAL ESTATE SPECIALISTS GROUP, LLC, a Utah limited liability company; JOHN DOES 1-10, | Case No. 2:11-CV-28 TS |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion to Strike Answers of Defendants Heath Johnston, Craig Lewis, Timothy Ross, H&S Investments, LLC, and Justin Johnston, and for Entry of Default.[1]  For the reasons provided below, the Court will deny the Motion.

## I.  BACKGROUND

Plaintiffs filed their original Complaint in this matter on January 6, 2011.[2]  On May 2, 2011, Defendants Craig Lewis, H&S Investments, Heath Johnston, Justin Johnson, and Timothy Ross (collectively "Defendants") requested an extension of time in which to file their Answer to Plaintiffs' Complaint.[3]  Plaintiffs opposed Defendants' Motion for Extension of Time and sought default judgment against the Defendants.[4]

On May 16, 2011, the Defendants filed their Answer[5] and subsequently, on May 17, 2011, the Plaintiffs filed their Amended Complaint.[6]  On May 23, 2011, this Court entered its Memorandum Decision and Order,[7] granting Defendants' Motion for Extension of Time to Answer and denying as moot Plaintiffs' Motion for Entry of Default Judgment.  On June 2, 2011,

---

[1]Docket No. 27.

[2]Docket No. 2.

[3]*See* Docket No. 9.

[4]*See* Docket Nos. 10 & 17.

[5]Docket No. 19.

[6]Docket No. 20.

[7]Docket No. 22.

the Defendants filed their Answer to the Amended Complaint.[8]  Plaintiffs then filed the instant

Motion on June 27, 2011.

## II.  DISCUSSION

Through this Motion, Plaintiffs request that the Court strike Defendants' Answers in their

entirety and enter default judgment against the Defendants.[9]  Plaintiffs assert that such relief is

appropriate because the Defendants have failed to fairly respond to the substance of their

Complaint as required by Fed.R.Civ.P. 8(b)(2).  Defendants argue that Plaintiffs are not entitled

to entry of default because their Answer fully and fairly responds to the substance of all

allegations raised in Plaintiffs' Complaints and because Defendants have demonstrated the intent

to defend against Plaintiffs' claims.

Fed.R.Civ.P. 8 provides general rules for pleading.  Fed.R.Civ.P 8(b) deals specifically

with defenses, admissions, and denials.  It provides:

> (1) In General.  In responding to a pleading, a party must:
>> (A) state in short and plain terms its defenses to each claim asserted
>> against it; and
>> (B) admit or deny the allegations asserted against it by an opposing party.
> (2) Denials—Responding to the Substance.  A denial must fairly respond to the
> substance of the allegation.
> (3) General and Specific Denials.  A party that intends in good faith to deny all the
> allegations of a pleading—including the jurisdictional grounds—may do so by a
> general denial.  A party that does not intend to deny all the allegations must either

---

[8]Docket No. 24.

[9]In their Reply, Plaintiffs for the first time propose an alternative remedy.  Plaintiffs request that if the Court finds default judgment is not appropriate, this Court strike Defendants' Answer and require that the Defendants submit an amended answer within 10 days of the Court's order.  This Court declines to consider arguments or relief raised for the first time in Plaintiffs' Reply. *See United States v. Murray*, 82 F.3d 361, 363 n.3 (10th Cir. 1996).

specifically deny designated allegations or generally deny all except those
specifically admitted.
(4) Denying Part of an Allegation.  A party that intends in good faith to deny only
part of an allegation must admit the part that is true and deny the rest.
(5) Lacking Knowledge or Information.  A party that lacks knowledge or
information sufficient to form a belief about the truth of an allegation must so
state, and the statement has the effect of a denial.
(6) Effect of Failing to Deny.  An allegation—other than one relating to the
amount of damages—is admitted if a responsive pleading is required and the
allegation is not denied.  If a responsive pleading is not required, an allegation is
considered denied or avoided.[10]

In considering the application of Fed.R.Civ.P. 8, courts have held that "it is appropriate in

some situations to strike a pleading for gross violation of Rule 8 . . . or when the material

contained in the pleading is scandalous, immaterial or redundant."[11]  However, the Federal Rules

"are designed to avoid basing decisions on the merits on pleading technicalities."[12]

In the instant action, Plaintiffs assert that "Defendants' Answers are nothing more than

empty shells, strings of meaningless denials aimed at avoiding responding to the substance of

[Plaintiffs'] allegations."[13]  For this reason, Plaintiffs assert that "Defendants' Answers should be

stricken in their entirety, and default entered against the [] Defendants in [Plaintiffs'] favor."[14]

Plaintiffs argue that the Answers should be stricken pursuant to Fed.R.Civ.P. 12(f), which

---

[10]Fed.R.Civ.P. 8(b).

[11]*Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 697 n.2 (8th Cir. 1979) (citing *Skolnick v. Hallett*, 350 F.2d 861 (7th Cir. 1965)).

[12]*In re Credit Indus. Corp.*, 366 F.2d 402, 411 (2d Cir. 1966).

[13]Docket No. 28, at 18.

[14]*Id.*

4

provides that "the court may order stricken from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Plaintiffs assert that this result is supported by the Tenth Circuit's holding in *United States v. Charles Schwab & Co., Inc.*[15] The Court is not persuaded that *Schwab* is on point. That case is distinguishable from this case in that *Schwab* involved a forfeiture action in which a claimant failed to file a timely claim.[16] The claimant's answer was struck, and default judgment entered on the government's behalf, only because the claim was filed late—not for any alleged default in the answer.[17] The Court is not persuaded that this holding justifies striking a timely filed answer and entering a default judgment for a plaintiff where an answer is merely alleged to be deficient in form.

Plaintiffs assert that Defendants' Answer does not "fairly respond to the substance of [Plaintiffs'] allegation[s]."[18] Plaintiffs take issue with three types of denials by Defendants: (1) that Plaintiffs' allegations constitute legal conclusions; (2) that the documents speak for themselves; and (3) that the Defendants lack knowledge or information sufficient to form a belief as to the truth of an allegation.

Without delving into the individual responses, the Court notes that many of the Defendants' answers do not fully respond to the substance of Plaintiffs' allegations. However,

---

[15]221 F.3d 1353, 2000 WL 985738 (10th Cir. 2000).

[16]*See id.* at *1.

[17]*See id.*

[18]Fed.R.Civ.P. 8(b)(2)

the Court is not persuaded that these failures on the part of Defendants constitute redundant, immaterial, impertinent, or scandalous matter, or a gross violation of Fed.R.Civ.P. 8.  Moreover, the Court notes that each of Defendants' responses constitutes a denial under Fed.R.Civ.P. 8(b). To the extent Plaintiffs are convinced that their documentation disproves said denial, they are welcome to seek a resolution of the dispute on the merits.  The Court is not persuaded, however, that the intent of the Federal Rules, and more specifically Fed.R.Civ.P. 8, is to provide for speedy resolution of claims through default judgment.  Rather, the Court will deny Plaintiffs' Motion and encourage the parties to seek a speedy resolution of this action on its merits.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Strike Answers of Defendants Heath Johnston, Craig Lewis, Timothy Ross, H&S Investments, LLC, and Justin Johnston, and for Entry of Default (Docket No. 27) is DENIED.  The hearing on this matter, currently set for December 8, 2011, is STRICKEN.

DATED   December 2, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge