IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATRICIA TANNER,<br>TJINTA ESTATES,<br><br>    Plaintiffs,<br><br>v.<br><br>HEATH JOHNSTON, et al.<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-00028-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

**I. INTRODUCTION**

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A), and stems from Plaintiffs' 2006 investment in real property that was allegedly induced by the Defendants' fraud. (Docket No. 20.)

Plaintiffs are Patricia Tanner and Tjinta Estates, the entity in which Ms. Tanner held the bulk of her financial assets. The Court groups Defendants into two factions. The "NAI Defendants" consist of American Commercial Real Estate Specialists Group, and its alleged alter ego Utah County Commercial Real Estate Specialists Group, both of which do business as NAI or ACRES. The "Johnston Defendants" consist of H&S Investments, and its employees Heath Johnston, Craig Lewis, and Timothy Ross, as well as Justin Johnston, who was employed by NAI.

Before the Court is Plaintiffs' motion to compel the NAI Defendants' interrogatory response and document production. For the reasons below, the Court **GRANTS** the motion. (Docket No. 59.) However, the Court **DENIES** Plaintiffs' request for reasonable expenses incurred in filing the motion. (Id.)

## II. STANDARD OF REVIEW FOR MOTION TO COMPEL

Where a party provides an evasive or incomplete discovery response, the requesting party may file a motion to compel a full discovery response. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv) to (a)(4).

## III. ANALYSIS OF PLAINTIFFS' MOTION TO COMPEL

Plaintiffs move to compel the NAI Defendants "to provide a complete, sworn answer to Interrogatory No. 9 and to produce documents responsive to [Document Production] Request 37." (Docket No. 59 at 2.) Plaintiffs claim the NAI Defendants' previous answer and production was "evasive or incomplete." (Id.) The NAI Defendants oppose this request. (Docket No. 63.)

### A. Interrogatory No. 9

While examining documents previously produced by the NAI Defendants, Plaintiffs noticed a March 31, 2010 company email from NAI employee Greg Ratliff to NAI corporate counsel Lloyd Allen.[1] (Docket Nos. 59-1 at 4; 59-8.) The email expressed Mr. Ratliff's opposition to rehiring Defendant Justin Johnston because various real estate agents notified Mr. Ratliff that Defendant Johnston was "reckless" and "unethical" in his business dealings. (Docket No. 59-8.)

---

[1] Mr. Allen is the NAI Defendants' counsel in the present matter. (Docket No. 59-1 at 4.)

Hoping to expand on the aforementioned discovery, on November 23, 2011, Plaintiffs served Interrogatory No. 9 on the NAI Defendants:

> State whether anyone filed a complaint, grievance, notified a supervisor or otherwise questioned, mentioned or reported any conduct, action, or activity of Justin Johnston and Lance Thompson that might call into question their reputation for truthfulness, honesty, or integrity, and (a) state all facts concerning the reported conduct, action or activity; (b) identify all persons who have knowledge of those facts; (c) identify all documents concerning those facts, and identify the person who has each document.

(Docket No. 59-2 at 7.)  Plaintiffs' instructions specified the interrogatories "cover[ed] the time period from January 1, 2005 through the date of production (the 'Relevant Period')."  (Id. at 5.)

On January 13, 2012, the NAI Defendants answered Interrogatory No. 9 by stating "NAI is not aware of any complaints or grievances filed against Justin Johnston or Lance Thompson." (Docket No. 59-3 at 7.)

**1.   Sufficiency of the NAI Defendants' Answer to Interrogatory No. 9**

Plaintiffs argue this answer is insufficient because it only answers "the front end of the question" and "conspicuously evad[es] the rest" of the interrogatory about "whether anyone [ ] **notified** a supervisor or otherwise **questioned**, **mentioned** or **reported**" the men's unethical conduct.  (Docket No. 59-1 at 2.)

The Court agrees that the NAI Defendants' refusal to refer to any notifications, questions, mentions, or reports constitutes a failure to "fully" answer the interrogatory.  Fed. R. Civ. P. 33(b)(3) (stating a party must answer each interrogatory "separately and fully," "to the extent it is not objected to.").  This is especially so where the interrogatory covered a relevant period of January 1, 2005 to January 13, 2012,[2] but Mr. Ratliff's 2010 email, questioning Defendant Johnston's integrity, was omitted from the answer.  The answer also omitted Mr. Allen's

---

[2] This is the date the NAI Defendants produced their interrogatory answer.  (Docket No. 59-3 at 26.)

"handwritten notes," produced the same date as the answer, that "memorialize[d] a conversation Mr. Allen had with a person who reported serious concerns about Defendant Johnston, including that he was 'a little reckless'," and did drugs.  (Docket Nos. 59-1 at 4; 59-9.)  As such, the Court **GRANTS** Plaintiffs' motion to compel a full answer to Interrogatory No. 9 that includes notifications, questions, mentions, and reports.  (Docket No. 59.)

### 2. Sufficiency of the NAI Defendants' Research for Interrogatory Answer No. 9

The NAI Defendants argue their answer to Interrogatory No. 9 is otherwise satisfactory where they produced Defendant Johnston's and Mr. Thompson's personnel files, searched their electronically stored information, and interviewed NAI's management team and associates, but found "no record or memory of concerns raised during the relevant time period."  (Docket No. 63 at 3-4.)

While this search appears exhaustive, Plaintiffs astutely note the NAI Defendants' interpretation of the "relevant period" does not comport with the time period set forth by Plaintiffs in their interrogatory instructions.  (Docket No. 65 at 2.)  For example, the NAI Defendants opine that "[t]his case concerns events allegedly occurring . . . in 2006.  In Interrogatory No. 9, Plaintiffs have asked for information about the reputations of two NAI agents *during that time frame*." (Docket No. 63 at 2) (emphasis added).

To the extent the NAI Defendants limited their answer to Interrogatory No. 9 to events in 2006, the Court finds the answer is not fully responsive, and **GRANTS** Plaintiffs' motion to compel a complete answer in this respect.  (Docket No. 59.)  The NAI Defendants must conduct research for Interrogatory No. 9 that covers the time frame of January 1, 2005 to the date they amend their interrogatory answer. They must amend their answer accordingly.  If they have

already done such research, they should amend their answer to reflect this. Currently, it is not clear which time frame they applied.

### B. Document Production Request No. 37

Plaintiffs served Document Production Request ("DPR") No. 37 on the NAI Defendants to request:

> All documents concerning advertising or marketing, including advertising or marketing strategy or campaigns, by ACRES in Utah County or Salt Lake County, including all print ads, radio or television ads, internet ads, brochures, flyers, billboards, articles, or other marketing or promotional materials, from January 1, 2000 to the present.

(Docket No. 59-2 at 12.)

The NAI Defendants "object[ed] to this request" as "overbroad, unduly burdensome and unlikely to lead the [sic] discovery of admissible evidence." (Docket No. 59-3 at 19.)

Thereafter, Plaintiffs agreed to narrow the request to the time period of 2005 to 2008, and clarified the request "should not be read to sweep up every sign in every shop or yard, but rather require only the production of advertising or marketing materials directed at the public in UT and SL counties, such that they may have reached" Plaintiffs. (Docket No. 59-1 at 5.) However, the NAI Defendants maintained their objection. As such, Plaintiffs moved to compel production. (Id.)

#### 1. Likelihood of DPR No. 37 Leading to Relevant, Admissible Evidence

Relying on Fed. R. Civ. P. 26(b)(1), the NAI Defendants argue DPR No. 37 is not reasonably calculated to lead to discovery of admissible, relevant evidence where it seeks information "for time periods after Plaintiffs' [2006] investment and the events at issue in this case . . . ." (Docket No. 63 at 5.)

Plaintiffs counter the advertising and marketing materials will show the NAI Defendants' public reputation for "professionalism," as well as the "bona fides" of NAI employees Defendant

Johnston and Mr. Thompson.  (Docket No. 59-1 at 7.)  Such information is relevant and admissible where Plaintiffs based their initial investment on this reputation, and maintained their investment because they relied on the bona fides of Defendant Johnston and Mr. Thompson, who "helped pitch and paper the sham investment."  (Id.; Docket No. 65 at 7.)  Plaintiffs argue "[a] jury is entitled to see the contrast between what [Plaintiffs were] led to expect from NAI and what [they] got from NAI."  (Docket No. 59-1 at 7.)

After reviewing the parties' positions, the Court agrees with Plaintiffs.  The time frame of 2005 to 2008 is relevant because it covers Plaintiffs' exposure to the NAI Defendants' marketing materials, Plaintiffs' subsequent investment, and their decision to maintain that investment over several years.  Moreover, the marketing materials are relevant and reasonably calculated to lead to admissible evidence about the extent to which Plaintiffs relied on NAI's reputation when making and maintaining their investment.

2. **Overbreadth**

Relevance aside, the NAI Defendants assert that, despite Plaintiffs' agreement to narrow the scope of DPR No. 37, it remains overbroad where it "covers four years of marketing documents, campaigns, and advertisements in numerous media," and asks for "any" marketing materials.  (Docket No. 63 at 4-5.)  The NAI Defendants claim such a broad request constitutes a "fishing expedition for materials that may or may not have reached" Plaintiffs.  (Id.)

In response, Plaintiffs point out that they do not seek *any* marketing materials, but only those: (1) from 2005 to 2008; (2) in Utah County and Salt Lake County; (3) that consist of "newspaper ads, radio or television ads, highway billboards, direct mail, or internet advertising." (Docket No. 59-1 at 5; 59-6 at 3-4.)

Given Plaintiffs' significant efforts to narrow DPR No. 37, the Court does not believe it is overbroad.

### 3. Undue Burden

The NAI Defendants also oppose DPR No. 37 as unduly burdensome.  Fed. R. Civ. P. 26(b)(2)(C)(iii) (stating a court must limit discovery where its burden or expense outweighs its likely benefit).  They opine "the connection between the requested materials and Plaintiffs' claims . . . is attenuated at best" where Plaintiffs failed to identify "what materials they relied upon or were exposed to," and "have not argued that any particular NAI advertising or marketing contributed to [their] alleged damages."  (Docket No. 63 at 5.)

The Court shares the NAI Defendants' concerns about the attenuation between these materials and their impact on Plaintiffs where Plaintiffs concede that they do not recall the specific materials they viewed six years ago.  (Docket No. 65 at 4.)  However, on balance, the Court finds the materials are not unduly burdensome where they are relevant to establish NAI's public reputation, and the extent to which Plaintiffs relied on that overall reputation to their detriment.  They are also relevant for impeachment purposes "to show the [ ] gap between what NAI promised customers, and what its . . . agents actually did to defraud" them.  (Id. at 5.)

Moreover, Plaintiffs persuasively argue that the NAI Defendants failed to show undue burden given the unique circumstances of the case.  The NAI Defendants are part of a national, multi-million dollar chain of real estate brokerage firms.  (Docket No. 59-1 at 6.)  In addition to their resources, they are the only party "with possession, custody or control of [their] internal marketing materials."  (Id.)  As such, Plaintiffs reason the NAI Defendants should have specified the undue nature of their burden.  (Docket No. 65 at 6.)  Instead, they failed to reveal the

presumably oppressive number of documents they would have to produce, and failed to mention any difficulty accessing these documents. (Id.)

Upon examination, the Court finds that the NAI Defendants' unspecific assertions of undue burden are insufficient where the materials sought are relevant, not overbroad, and within their custody.

### 4. Sufficiency of the NAI Defendants' Production in Response to Request No. 37

The NAI Defendants claim that, notwithstanding their objections to DPR No. 37, they "made significant efforts to supply advertising and marketing materials" by producing 134 pages of advertising and marketing materials, including a 2005 annual report, as well as marketing materials related specifically to Defendant Johnston and Mr. Thompson. (Docket No. 63 at 6.) Conversely, Plaintiffs claim "much of" the 134 page production is "irrelevant filler." (Docket No. 65 at 7.)

The Court cannot judge the quality of the 134 page production, which it has not seen. However, to the extent the NAI Defendants refused to produce materials responsive to DPR No. 37 because they claimed the materials were irrelevant, overbroad, and unduly burdensome, the Court rejected these objections above. As such, the Court **GRANTS** Plaintiffs' motion to compel a full production to DPR No. 37. (Docket No. 59.) Specifically, the NAI Defendants must produce the materials requested: 1) from 2005 to 2008; (2) in Utah County and Salt Lake County; (3) that consisted of newspaper ads, radio or television ads, highway billboards, direct mail, or internet advertising.

### C. Reasonable Expenses

Plaintiffs seek an award of reasonable expenses, including attorney's fees, incurred in filing their motion to compel. (Docket No. 59-1 at 8.) A court must award reasonable expenses

to the prevailing party unless, among other things, the nondisclosure was "substantially justified," or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

Pertinent here, Plaintiffs claim the NAI Defendants' nondisclosure is not substantially justified, and other circumstances do not make an award unjust.  (Docket No. 59-1 at 9-10.)  They assert they granted the NAI Defendants two extensions, over an eight month period, to produce the requested information.  (Id. at 9.)  Moreover, they offered "detailed, repeated follow-up requests" during this period to clarify the NAI Defendants' responsibilities.  (Id.)  In return, the NAI Defendants "abused the courtesy" shown to them by "blowing past deadlines," and failing to completely respond to the discovery requests.  (Id.)  Most seriously, Plaintiffs accuse the NAI Defendants of providing a misleading answer to Interrogatory No. 9 because it omitted Mr. Ratliff's email and Mr. Allen's notes.  (Docket No. 65 at 8.)

The NAI Defendants oppose Plaintiffs' request for expenses because they claim they worked diligently to satisfy their discovery obligations.  (Docket No. 63 at 6.)  The Court disagrees with the NAI Defendants' partial answer to Interrogatory No. 9, and their objections to DPR No. 37.  It also shares Plaintiffs' concerns about the NAI Defendants' potentially misleading answer to Interrogatory No. 9.

However, a review of the communications between the parties' counsels demonstrates that NAI genuinely stood by its objections to the discovery requests, and experienced difficulties locating documents due to downsizing, moving, and using a limited electronic retention policy.  (Docket Nos. 59-4 to 59-7.)  On balance, the Court finds these factors constitute "other circumstances" that make an award of expenses to Plaintiffs "unjust."

## IV. ORDERS

For the reasons set forth above, the Court issues the following orders:

**IT IS ORDERED** that Plaintiffs' motion to compel complete responses from the NAI Defendants as to Interrogatory No. 9 and Document Production Request No. 37 is **GRANTED** as outlined above.  (Docket No. 59.)  The NAI Defendants must comply by **February 1, 2013** because that is the current fact discovery deadline.

**IT IS FURTHER ORDERED** that Plaintiffs' request for reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A) is **DENIED** as outlined above.  (Docket No. 59.)

DATED this 10th day of January, 2013.

_____
Dustin B. Pead
United States Magistrate Judge